BENJAMIN MINDLIN, Appellant and Respondent, *v.* THE DRUGGISTS CIRCULAR, INC., Respondent and Appellant.

*Contract — action for breach of advertising contract.*

*Mindlin* v. *Druggists Circular, Inc.,* 216 App. Div. 748, affirmed.
(Submitted October 22, 1926; decided November 16, 1926.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 13, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was to recover for breach of an alleged contract whereby defendant, the publisher of a trade magazine, agreed to publish plaintiff's advertisement for one year. Defendant admitted its refusal to publish the advertisement but claimed that it was justified in doing so by the terms of the contract.

*Herman Shulman, Mortimer Hays* and *Benjamin Algase* for plaintiff, appellant and respondent.

*Charles R. Coulter, Arnold L. Davis* and *Guy C. Heater* for defendant, respondent and appellant.

Judgment affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

DIEDRICH SCHEFFER, Appellant and Respondent, *v.* JOHN H. PLATE, Respondent and Appellant, and META A. PLATE, Respondent.

*Real property — sale — specific performance — dower — judgment for specific performance improperly set aside.*

*Scheffer* v. *Plate,* 216 App. Div. 812, affirmed.
(Argued October 22, 1926; decided November 16, 1926.)

CROSS-APPEALS from a judgment, entered June 4, 1926, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term and directed judgment declaring that defendant Meta A. Plate has an

inchoate right of dower in the premises described in the complaint. Plaintiff in a former action recovered judgment directing defendant John H. Plate to specifically perform his contract to convey real property to plaintiff. Defendant tendered a deed in which his wife refused to join and plaintiff refusing same brought this action to have the rights of the parties declared. The trial court dismissed the complaint, restrained plaintiff from enforcing his judgment and vacated the same.

*Otho S. Bowling* and *Robert H. Elder* for plaintiff, appellant and respondent.

*Allen S. Wrenn* and *George E. Brower* for defendant, respondent and appellant.

*Thomas Kelby* for respondent.

Judgment affirmed, without costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.